*214 OPINION OF THE COURT
Jerome J. Richards, J.
Pursuant to a written stipulation entered at a pretrial disclosure conference, the court has reviewed the grand jury minutes in order to resolve the issues raised by defense counsel. The court had previously entered an order authorizing defense counsel, on consent of the district attorney, to examine but not to copy the grand jury minutes as part of the disclosure conference.
Defendant is charged with four counts of menacing a police officer (Penal Law § 120.18), two counts of third degree criminal possession of a weapon (Penal Law § 265.02 [1]), one count of obstructing governmental administration (Penal Law § 195.05), and one count of resisting arrest (Penal Law § 205.30).
Defense counsel has asked the court to review the sufficiency of the proof introduced in the grand jury proceeding.
The evidence was legally sufficient to give the grand jury reasonable cause to believe that this defendant committed the crimes charged in counts one, two, five, six, seven and eight. However, counts three and four allege menacing against a police officer with respect to officers who are described in the indictment counts as being United States Border Patrol agents. Penal Law § 120.18, which defines the crime of menacing a police officer or peace officer, was enacted by Laws of 2005 (ch 765). That section does not define the terms “police officer” or “peace officer.” Nor are those terms defined elsewhere in the Penal Law, though they are defined in Criminal Procedure Law § 1.20 (33) (peace officer as defined in CPL 2.10) and (34) (police officer). None of these provisions includes federal law enforcement officers acting within their official duties, as being police or peace officers. This is not changed by the explicit provisions of CPL 2.15, which give certain law enforcement powers under New York law to enumerated federal law enforcement officers. Those powers, in general terms, relate to making warrantless arrests, using deadly physical force, executing warrantless searches, and carrying firearms when acting in the course of their official duties.
What is at issue here is not the authority of a federal law enforcement officer to make a stop or an arrest, but simply the question of whether they are deemed included in the group of police or peace officers who are treated by the statute as potential victims of that crime. The Senate memorandum in *215 support of the bill which enacted this statute does not address this issue. The statute is too recently enacted for there to be a pattern criminal jury instruction available for this crime, so no guidance is available from that often helpful source either.
It is a long-standing principle of statutory construction that when the Legislature specifies a list or group of persons covered by a definition, another category of person not included in the list should not be deemed to be included.
However, it is also true that Penal Law § 5.00 explicitly states that, contrary to the common law, “The general rule that a penal statute is to be strictly construed does not apply to this chapter [the Penal Law], but the provisions herein must be construed according to the fair import of their terms to promote justice and effect the objects of the law.” (Emphasis added.) When the court is not dealing with questions of the interplay between federal and state law enforcement jurisdiction or the statutory powers of arrest, but simply about whether a person is a police officer, common sense would suggest that there is no practical basis for including New York officers and not recognizing federal law enforcement officers within such a group. Here, the grand jury minutes establish that in response to a radio request for backup from the state trooper initially responding to the scene, two other state troopers and two Border Patrol agents responded, and together went to the scene and intervened, acting as a team.
Penal Law § 120.18 was enacted under the Crimes Against Police Act (L 2005, ch 765). The New York State Senate Memorandum in Support (2005 McKinney’s Session Laws of NY, at 2576) under “Statement in Support” states,
“we must do everything within our power to protect the men and women in law enforcement who risk their lives every day to protect us. This bill represents a tough new approach to penalizing any threat or attack against a law enforcement officer during the performance of his or her duties.”
It is quite instructive that the statement in support uses the term “law enforcement officer.”
It seems quite incongruous that the Border Patrol agents involved in this case, while acting as law enforcement, could have made a warrantless arrest of the defendant for an offense alleged to have been committed in their presence but not be entitled to the protection of the charged statute. The fact that Border Patrol agents do not fall within the statutory definition *216 of “police officer” or “peace officer” is of no moment. As “law enforcement officers” they are within the group which the charged statute was intended to protect.
Although the statute, as drafted, is not a model of clarity, the court finds no basis for a view that the Legislature did not intend to include all police officers, as that term would be understood by most people, within the definition of police and peace officers covered by Penal Law § 120.18. Accordingly, on what the court acknowledges is a close question of law in need of legislative clarification, the court finds the proof sufficient as to counts three and four.
The motion to dismiss for insufficient evidence is therefore denied.